UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD J. FOSS,

    Plaintiff,

v.                                        Case No. 1:12-CV-83

CITY OF BATTLE CREEK,            HON. GORDON J. QUIST
MICHIGAN, PAUL ENGELS,
Personnel Manager, in his official
and individual capacities, KEN
TSUCHIUAMA, City Manager,
in his official and individual
capacities,

    Defendants.
_____/

## OPINION

Plaintiff, Gerard J. Foss ("Foss"), has filed a complaint against the City of Battle Creek and two of its officials alleging claims under 42 U.S.C. §§ 1983 and 1985(3) and a state law claim of silent fraud, all of which arise out of Defendants' failure or refusal to consider Foss's various employment applications that he submitted from 1995 to the present. (Compl. ¶ 9.) In his first claim, Foss alleges that Defendants violated his Fourteenth Amendment rights by "prejudicing his applications through disparate treatment and failing to follow *open to public* employment process to assure Plaintiff's equal protection under the law." (*Id.* ¶ 17.) In his second claim, Foss alleges that Defendants committed silent fraud by failing to consider his qualifications as advertised. (*Id.* ¶ 18.)

On February 2, 2012, the magistrate judge issued an order granting Foss leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Foss's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). As set forth below, the Court concludes that Foss's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

### *Claim Under § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Foss purports to allege an equal protection claim under the Equal Protection Clause of the Fourteenth Amendment but his allegations fall far short of what is required to allege such a claim. Foss's equal protection claim appears to be a "class of one"-type claim because he does not allege that Defendants' actions burdened a fundamental right or that he is a member of a suspect class. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). To allege a "class of one" claim, Foss must allege that he "and other individuals who were treated differently were similarly situated in all material respects." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009). Foss fails to allege, even in a conclusory manner, that other job applicants who received interviews and job positions were similar to him in all relevant aspects, including experience, training, education, etc. *Id.* Instead, Foss merely asserts that Defendants' rejections of his applications somehow give rise to an equal protection claim–which they do not.

Although Foss does not explicitly mention a due process claim, to the extent he seeks to allege such a claim based on Defendants' failure to follow their policy that all job positions are open to the public, it would lack merit. Foss has no due process claim because he lacks a protected property interest in prospective employment. *See Richardson v. City of Detroit*, No. 88-1297, 1988 WL 131476, at *1 (6th Cir. Dec. 12, 1988) (affirming district court's grant of summary judgment based on the ground that "plaintiff had no property or liberty interest in prospective employment as a transportation equipment operator sufficient to implicate the requirements of due process");

*Moore v. Muncie Police & Fire Merit Comm'n*, 312 F.3d 322, 326 (7th Cir. 2002) ("We do not accept Moore's untenable claim that he has a property interest in *prospective* employment with the Muncie Fire Department."); *Lewis v. Dep't of Health & Hosps.*, No. 98-1341, 1999 WL 448814, at *1 (10th Cir. July 2, 1999) (stating that "[w]e decline plaintiff's invitation to recognize a property interest in fair consideration for prospective employment").

### *Claim Under § 1985(3)*

Foss alleges no facts in support of a conspiracy claim under 42 U.S.C. § 1985(3). A claim alleging a violation of § 1985(3) must "allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action." *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). The complaint alleges neither a conspiracy nor class-based animus.

### *Silent Fraud*

Foss also fails to state a claim for silent fraud. Such a claim requires a material misrepresentation of past or existing fact; future promises cannot support an actionable claim of fraud. *Eerdmans v. Maki*, 226 Mich. App. 360, 366, 573 N.W.2d 329, 333 (1997). Here, Foss simply alleges that "Defendant gave Plaintiff an unmistakable impression that his application would be reviewed and given careful consideration, based on his education and experience." (Compl. ¶ 18.) At most, this is a future promise that cannot support a fraud claim. Moreover, although Foss says that he relied on this statement, he has not shown detrimental reliance, *M & D, Inc. v. McConkey*, 231 Mich. App. 22, 27, 585 N.W.2d 33, 37 (1998), which is required such a fraud claim.

For the foregoing reasons, Foss fails to state a claim and his complaint must be dismissed.

An Order consistent with this Opinion will be entered.

Dated: February 6, 2012                                 /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE